**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00432-CR**
_____

**CEDRIC DWIGHT MADISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-25775**
_____

**MEMORANDUM OPINION**

A jury found appellant Cedric Dwight Madison guilty of aggravated sexual

assault of a child and assessed punishment at ninety-nine years of imprisonment.

Madison's appellate counsel filed a brief that presents counsel's professional

evaluation of the record, and he concludes the appeal is without merit and that there

are no meritorious issues for appeal and no arguable grounds for reversal. *See Anders*

1

*v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

On September 18, 2018, we granted an extension of time for Madison to file a pro se brief. Madison filed a pro se brief in response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a later-filed pro se response, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Madison's pro se brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it

2

considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on February 14, 2019
Opinion Delivered March 6, 2019
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[1] Madison may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.